# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**KAHEID ASH, #W06505**

    **Petitioner,**

vs.                                                           Case No. 4:14cv481-WS/CAS

**MICHAEL D. CREWS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and application for leave to proceed in forma pauperis. Docs. 1. and 2.

Petitioner is currently incarcerated at Reception and Medical Center in Lake Butler, Florida, located in the Middle District of Florida. He challenges his conviction from Palm Beach County, located in the Southern District of Florida. Jurisdiction is appropriate in either District as the districts of confinement and conviction. 28 U.S.C. § 2241(d).

Since the Southern District is the district of conviction it would appear to be the most convenient for witnesses should an evidentiary hearing be necessary, and so transfer of this cause to the Palm Beach Division of the Southern District is appropriate. Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) (division of conviction, where witnesses were located, was appropriate venue over division of confinement in challenge to conviction); Parker v. Singletary, 974 F.2d 1562, 1582 and n. 118 (11th Cir. 1992) (courts should give careful consideration to the convenience of witnesses in transferring habeas corpus petitions under § 2241(d), citing Mitchell).

It is therefore respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Southern District of Florida, Palm Beach Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida on September 17, 2014.

Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**